IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:16-cr-100-2 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Dearius Barkley, | : | Order Denying Supplemental Motion for Compassionate Release |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Dearius Barkley's Supplemental Motion for Compassionate Release (Doc. 85). Barkley seeks the Court to grant him compassionate release from prison due to the threat posed by COVID-19. The Government has filed a Response (Doc. 89) opposing the Supplemental Motion. For the reasons that follow, the Court will **DENY** the Supplemental Motion.

I.  **BACKGROUND**

A grand jury issued an Indictment against Barkley and a co-defendant on October 16, 2019. (Doc. 1.) Barkley was charged in three counts:

> (Count One) Knowingly and intentionally distributing mixtures and substances with a detectable amount of cocaine in an amount of 500 grams or more in violation of 21 U.S.C. § 841(b)(1)(B);
>
> (Count Two) Knowingly possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and
>
> (Count Four) Knowingly possessing a firearm and ammunition while being prohibited from doing so as a person convicted of certain crimes in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

(*Id.* at PageID 1–3.) Barkley then was arrested and detained pending trial. (Doc. 25.) The Government and Barkley reached a Plea Agreement on June 20, 2017 in which Barkley agreed to plead guilty to Count Two, possessing a firearm in furtherance of a drug trafficking crime. (Doc. 43.) The statutory penalty for the offense to which he pleaded guilty was 5 years to life

1

imprisonment. (*Id.*) The Court accepted Barkley's guilty plea on June 26, 2017. (Doc. 45.)

On February 9, 2018, the Court sentenced Barkley to a term of imprisonment of 73 months, a term of supervised release of 3 years, and a $100 assessment. (Doc. 65.) He is incarcerated at FCI Milan with an estimated release date of January 19, 2022.[1] *See* Federal BOP, *Find an Inmate*: https://www.bop.gov/inmateloc/ (last viewed 1/25/2021).

In a *pro se* letter dated June 24, 2020, Barkley requested that the Court appoint him counsel to assist with filing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 76.) The Court denied the request on the basis that convicted defendants have no constitutional right to counsel in § 3582(c) proceedings. (Doc. 78.) However, the Court reconsidered its decision and ordered that counsel be appointed to Barkley after the Southern District of Ohio issued General Order 20-21 on July 21, 2020. (Doc. 79.) An attorney from the Criminal Justice Act Panel was appointed to represent Barkley. (Doc. 83.)

Barkley, with the assistance of counsel, filed his Supplemental Motion for Compassionate Release on November 13, 2020. The Government opposes his request for compassionate release.

## II. STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at

---

[1] Barkley is identified as Darius Barkley, not Dearius Barkley, on the Federal Bureau of Prisons website. The Register Number 76301-061 confirms his identity.

2

121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Exhaustion of administrative remedies is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). Assuming that the inmate has satisfied administrative remedies, the district court must engage in the § 3852(c)(1)(A) analysis as follows: (1) the court must find that "extraordinary and compelling reasons" warrant a reduction; (2) the court must find that a reduction is consistent with applicable policy statements issued by the sentencing commission; and (3) the court must consider the relevant sentencing factors listed in § 3553(a).[2] *United States v. Jones*, 980 F.3d 1098, 1101, 1106 (6th Cir. 2020).

---

[2] The § 3553(a) factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is

3

However, as to the second prong, the First Step Act rendered the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—inapplicable to cases filed by federal inmates. *Id.* at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111.

### III. ANALYSIS

Barkley has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Barkley petitioned the Warden at FCI Milan for compassionate release due to the spread of COVID-19. The Warden denied his request in writing on June 19, 2020. (Doc. 85-1 at PageID 299.) Barkley did not file his Supplemental Motion until November 13, 2020, much longer than thirty days after the Warden received his request.

The Court, therefore, turns to the issue of whether COVID-19 provides a compelling and extraordinary circumstance for reducing Barkley's sentence. It does not. COVID-19 is caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and was recognized as a pandemic in March 2020. However, courts in the Sixth Circuit have held that the existence of COVID-19 in society and the generalized risk of contagion in prisons standing alone are not sufficient to constitute extraordinary and compelling reasons for a reduction in sentence under § 3582(c). *See, e.g., United States v. Parks*, No. 3:18-CR-006, 2020 WL 7364982, at *3 (E.D. Tenn. Dec. 15, 2020) ("[T]he COVID-19 pandemic cannot alone justify compassionate release."); *United States v. Dorn*, No. 3:19-CR-014, 2020 WL 6343064, at *5 (S.D. Ohio Oct. 29, 2020) ("The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, . . . could not alone provide a basis for a sentence

---

appropriate. *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

4

reduction.").

Barkley's case is unusual in that he is seeking compassionate release after contracting and recovering from COVID-19. Barkley tested positive for the virus on April 15, 2020. (Doc. 85-2 at PageID 300.) FCI Milan records fortunately indicate that he recovered from COVID-19 by April 23, 2020. (Doc. 85-3 at PageID 303.) Barkley asserts in his brief that he "continues to suffer from kidney infections and lingering respiratory problems." (Doc. 85 at PageID 292.) However, he has not supported that assertion with specific facts or evidence such as medical records. A district court can deny compassionate release when an inmate fails to supply medical records to support assertions about his health risks. *United States v. Elias*, No. 20-3654, — F.3d —, 2021 WL 50169, at *3 (6th Cir. Jan. 6, 2021). Moreover, Barkley, has not argued or proven that he has received inadequate medical care at FCI Milan for his illness or symptoms. In these circumstances, Barkley has not established that COVID-19 poses an extraordinary and compelling reason for his compassionate release. *See, e.g., United States v. Littles*, No. 15-20317, 2020 WL 4346962, at *1, 4 (E.D. Mich. July 29, 2020) (denying compassionate release to a COVID-19-recovered inmate); *United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652, at *4 (W.D. Ky. July 14, 2020) (same).[3]

---

[3] The Court need not examine the 18 U.S.C. § 3553(a) sentencing factors here because Barkley has not proven an extraordinary and compelling reason for reducing his sentence.

5

## IV. CONCLUSION

For the foregoing reasons, Defendant Dearius Barkley's Supplemental Motion for Compassionate Release (Doc. 85) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

_____
Susan J. Dlott
United States District Judge